# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MY VINTAGE VENUE, LLC,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 2:17-bk-15217-EPB<br><br>**ORDER APPROVING TRUSTEE'S STIPULATED APPLICATION TO COMPROMISE CLAIMS OF THE ESTATE REGARDING SETTLEMENT FUNDS IN ESCROW FROM PRE-PETITION LAWSUIT** |

After thorough consideration of the Trustee's Stipulated Application to Compromise Claims of the Estate Regarding Settlement Funds in Escrow from Pre-Petition Lawsuit ("**Stipulated Application**") filed by Brian J. Mullen, Chapter 7 Trustee ("**Trustee**"), and good cause appearing therefor;

**THE COURT FINDS** that settlement is in the best interest of the Estate, that the Stipulated Application has been duly noticed, with no objections having been received and all other requirements of Bankruptcy Rule 9019 having been satisfied;

**IT IS HEREBY ORDERED** approving the Stipulated Application and authorizing Trustee to accept the sum of $50,000.00 ("**Settlement Amount**") from the Escrow Funds (as that term is defined in the Stipulated Application) as full and complete settlement of the Estate's interest in the claims against Victoria Lindsay Properties, LLC ("**Victoria Lindsay Properties**"), Lavender & Old Lace, LLC ("**Lavender & Old Lace**"), and Patricia Tipotsch ("**Tipotsch**") as set forth in the Stipulated Application dated July 11, 2018 [DE. No. 18].

**IT IS FURTHER ORDERED** that Victoria Lindsay Properties, Lavender & Old Lace, and Tipotsch shall be entitled to the remaining $100,000.00 in Escrow Funds, plus any accrued interest, upon entry of this Order, to be divided amongst themselves in their sole and absolute discretion.

**IT IS FURTHER ORDERED** that no Escrow Funds may be released to Victoria Lindsay

Properties, Lavender & Old Lace, and Tipotsch until Victoria Lindsay Properties amends its proof of claim [Claims Register 2.2] to reflect that no portion of its claim is secured.

**IT IS FURTHER ORDERED** any creditor of this Estate or party-in-interest shall have standing to object to any proof of claim that has or may be filed in this Estate and may object to the proof of claim.

**IT IS FURTHER ORDERED** that, except for the obligations created by this Stipulated Application, and provided that Wedgewood (as that term is defined in the Stipulated Application) does not assert any claims against this Estate and its respective beneficiaries, trustees, attorneys and agents, the Trustee and the Estate fully and completely release Wedgewood, Victoria Lindsay Properties, Lavender & Old Lace and Patricia Tipotsch (hereafter "Releasees") and their respective beneficiaries, trustees, members, officers, managers, successors, assigns, attorneys and agents, with prejudice from any and all claims, suits, judgments, obligations, damages, liabilities, causes of action including but not limited to Chapter 5 avoidance claims (including all such claims relating to the Transfer), rights, remedies, and demands, whether they are known or unknown, asserted or unasserted, liquidated or unliquidated, contingent or noncontigent, matured or unmatured, foreseen or unforeseen, now existing or thereafter arising in law or equity or otherwise, including without limitation. This release is intended to be a full and complete release of any and all claims by the Trustee and his Estate against Releasees, but it is expressly subject to the above-stated conditions.

**IT IS FURTHER ORDERED** that upon payment of the Escrow Funds to the respective Parties, the Parties shall file a notice of dismissal of the Lawsuit (as that term is defined in the Stipulated Application) with prejudice, with each side to bear their own fees and costs.

**DATED AND SIGNED ABOVE**